# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-2692 |
| | § | |
| LARSUNNY, LLC, LARS VIK, | § | |
| SUNNY WEST, FRANK NICOLAI, | § | |
| DEBORA NICOLAI, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This insurance coverage case is before the Court on Plaintiff Nautilus Insurance

Company's ("Plaintiff" or "Nautilus") Motion for Default Judgment Against

Defendants Larsunny, LLC d/b/a Sunny's ("Larsunny") and Sunny West ("West") and

Motion for Summary Judgment Against Defendants Frank and Debora Nicolai

(collectively, the "Nicolais") ("Motion") [Doc. # 25]. Defendants Larsunny and West

have failed to respond to the Motion or Complaint, despite being properly served with

both, and have not otherwise appeared in this case. The Nicolais have appeared in this

case and asserted that they are not proper parties. *See* Answer [Doc. # 22], ¶ 20; Joint

Report of Meeting and Joint Discovery/Case Management Plan ("Joint Report") [Doc.

# 26], at 6 §17. Despite being properly served, the Nicolais have failed to respond to

Plaintiff's Motion seeking summary judgment against them, and represent that they

do not oppose the relief sought in the Motion.  Joint Report, at 6, §17; *see also id.*, at

2, § 3.[1]  After reviewing the Motion, all matters of record, and the applicable legal

authorities, the Court **grants** Plaintiff's Motion.

## I.    BACKGROUND

Nautilus issued a general commercial liability policy (Policy No. NN391206)

to "Sunny's," a bar apparently owned and operated by Larsunny and West, for the

coverage period September 24, 2013, to September 24, 2014 (the "Policy") [Doc.

# 25-2].  Nautilus seeks a declaratory judgment that, under this Policy, Nautilus has

no duty to defend or indemnify Larsunny or West in the lawsuit filed by the Nicolais

in Texas state court, styled *Frank Nicolai & Debora Nicolai as Parents of Caroline*

*Nicolai, Deceased v. Regina Gonzalez & the City of Houston, et al.*, No. 2013-75121

(164th Dist. Ct., Harris Cnty., Tex.) (the "Underlying Suit").    Complaint for

Declaratory Judgment [Doc. # 1].  Nautilus also seeks a declaratory judgment that it

has no duty to indemnify the Nicolais for any judgment obtained in the Underlying

Suit.

The Nicolais' daughter, Caroline Nicolai, died as a result of serious injuries

sustained on October 3, 2013, in a car accident allegedly caused by a woman who was

---

[1]    Pursuant to the Local Rules of the United States District Court for the Southern
District of Texas, the Nicolais' failure to respond to the Motion is taken as a
representation of no opposition.  *See* S.D. TEX. R. 7.3, 7.4.

driving while intoxicated after leaving Sunny's and after Sunny's allegedly continued to serve alcohol to the woman despite her obvious intoxication.  Plaintiffs' Fourth Amended Petition [Doc. # 25-1], at 2.  In the Underlying Suit, the Nicolais sue Larsunny and West (or "Sunny's Bar") for dramshop violations and claims under the Texas wrongful death statutes.  *Id.*, at 4-5.

## II.    SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *see Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

## III.    ANALYSIS

Nautilus contends that it has no duty to defend or indemnify Larsunny or West in the Underlying Suit because coverage is precluded by the Policy's "Total Liquor Liability" exclusion, which excludes liability for bodily injury or property damage

claims by reason of "causing or contributing to the intoxication of any person."

Policy, at ECF page 48.  Nautilus also contends that coverage is precluded by the

exclusion for "Aircraft, Auto or Water," which precludes coverage for "'Bodily

injury' or 'property damage' arising out of the ownership, maintenance, use or

entrustment to others of any aircraft, 'auto' or watercraft."  *Id.*, at ECF page 36.

"Texas courts use the 'eight corners' or 'complaint allegation' rule when

determining whether an insurer has a duty to defend."  *Potomac Ins. Co. of Ill. v.*

*Jayhawk Med. Acceptance Corp.*, 198 F.3d 548, 551 (5th Cir. 2000).  Applying this

rule, the Court concludes that the Policy's auto and liquor liability exclusions both are

unambiguous and enforceable.  *See Certain Underwriters at Lloyd's of London v.*

*Kuthcins Enters., Inc.*, No. 4:08-CV-143-A, 2008 WL 5381244, at **4-5 (N.D. Tex.

Dec. 22, 2008) (McBryde, J.) (holding an identical liquor liability exclusion

enforceable and that it precluded claims in the underlying state court lawsuit similar

to those at bar); *Colony Ins. Co. v. Acrem, Inc.*, Civ. Action No. H-10-1137, 2011 WL

744744, at **2-3 (S.D. Tex. Feb. 23, 2011) (Atlas, J.) (holding a similar auto

exclusion enforceable).

The Court concludes that coverage is precluded both by the "Total Liquor

Liability" exclusion and the "Aircraft, Auto or Water" exclusion.  Nautilus has no

duty to defend or indemnify Larsunny or West in the Underlying Suit.  Because

Nautilus has no duty to defend or indemnify Larsunny or West in the Underlying Suit, Nautilus also has no duty to pay the Nicolais for an award of damages, if any, that may be rendered against Larsunny or West in the Underlying Suit.  Accordingly, it is hereby

ORDERED that Plaintiff's Motion [Doc. # 25] is GRANTED.

The Court will issue a separate final judgment awarding Nautilus summary judgment against the Nicolais and a separate final default judgment against Larsunny and West.

SIGNED at Houston, Texas, this 24th day of March, 2015.

Nancy F. Atlas
United States District Judge